**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 22 2018

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**JESYCA PITTMAN, Individually and on
Behalf of All Others Similarly Situated**                    **PLAINTIFF**

VS.                              No. 4:18-cv- *415 - SWW*

**SHARK BITES INC, NLR SHARKS INC.,
JACKSONVILLE SHARKS FISH AND
CHICKEN INC, T & A SHARKS OF LITTLE
ROCK INC, SHARKS OF ROOSEVELT &
BROADWAY INC, and SHARKS OF HOT
SPRINGS LLC, each d/b/a SHARKS FISH
AND CHICKEN, and also MAHDI SALEH,
THAER ASSI, MOHAMMED YAFAI and
KHALID HOURANI**

**DEFENDANTS**

This case assigned to District Judge *Wright*
and to Magistrate Judge *Volpe*

## ORIGINAL COMPLAINT—CLASS AND COLLECTIVE ACTION

COMES NOW Plaintiff Jesyca Pittman ("Plaintiff"), individually and on behalf of

all others similarly situated, by and through her attorneys Daniel Ford, Chris Burks and

Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint—Class and

Collective Action against Defendants Shark Bites Inc, NLR Sharks Inc., Jacksonville

Sharks Fish and Chicken Inc, T & A Sharks of Little Rock Inc, Sharks of Roosevelt &

Broadway Inc, and Sharks of Hot Springs LLC, each d/b/a Sharks Fish and Chicken,

and also Mahdi Saleh, Thaer Assi, Mohammed Yafai and Khalid Hourani (collectively

"Defendants"), she does hereby state and allege as follows:

## I.  PRELIMINARY STATEMENTS

1.      Plaintiff, individually and on behalf of all others similarly situated, further brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including a reasonable attorney's fee as a result of Defendants' failure to pay Plaintiff and other hourly-paid cashiers a minimum wage for all hours worked and proper overtime compensation for hours worked in excess of forty (40) hours per week.

2.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

## II.      JURISDICTION AND VENUE

3.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the PDA and the FLSA.

4.      Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

5.      Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

6.     The acts complained of herein were committed and had their principal effect against Plaintiff within the Western Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

7.     Defendants do business in this district and a substantial part of the events alleged herein occurred in this District.

8.     The witnesses to the minimum wage and overtime violations alleged in this Complaint reside in this District.

9.     On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

### III.    THE PARTIES

10.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11.     Plaintiff Jesyca Pittman ("Plaintiff") is a citizen and resident of Pulaski County.

12.     Plaintiff worked for Defendants as a cashier from around April of 2015 until March of 2018.

13.     At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA and AMWA.

14.     Upon information and belief, Defendants Mahdi Saleh, Khalid Hourani and Thaer Assi, Mohammed Yafai individually and jointly own and operate Shark Bites, Inc., d/b/a Sharks Fish and Chicken, NLR Sharks Inc., Jacksonville Sharks Fish and Chicken, Inc., T & A Sharks of Little Rock Inc., Sharks of Roosevelt & Broadway Inc., and Sharks of Hot Springs LLC, each d/b/a Sharks Fish and Chicken, a chain of

restaurants located at several locations including but not limited to: 2000 Pike Avenue, North Little Rock, Arkansas 72114; 4528 Camp Robinson Road, North Little Rock, Arkansas 72118; 2512 Highway 161, North Little Rock, Arkansas 72117; 1801 T P White Drive, Jacksonville, Arkansas 72076; 8824 Geyer Springs Road Suite 15, Little Rock, Arkansas 72209 and 625 Albert Pike, Hot Springs, Arkansas 71913.

15.    Defendant Shark Bites, Inc., d/b/a Sharks Fish and Chicken ("Shark Bites, Inc.") is a for-profit corporation operating as a restaurant located in North Little Rock.

16.    Defendant NLR Sharks Inc., d/b/a Sharks Fish and Chicken ("NLR Sharks Inc.") is a for-profit corporation operating as a restaurant located in North Little Rock.

17.    Defendant Jacksonville Sharks Fish and Chicken, Inc., d/b/a Sharks Fish and Chicken ("Jacksonville Sharks Fish and Chicken, Inc.,"), is a for-profit corporation operating as a restaurant located in Jacksonville, Arkansas.

18.    Defendant T & A Sharks of Little Rock Inc., d/b/a Sharks Fish and Chicken ("T & A Sharks") is a for-profit corporation operating as a restaurant located in Little Rock.

19.    Defendant Sharks of Roosevelt & Broadway Inc., d/b/a Sharks Fish and Chicken ("Sharks of Roosevelt") is a for-profit corporation operating as a restaurant in Little Rock.

20.    Defendant Sharks of Hot Springs LLC, d/b/a Sharks Fish and Chicken ("Sharks of Hot Springs") is a domestic limited liability company operating as a restaurant in Hot Springs.

21.    Individual Defendants Mahdi Saleh, Thaer Assi, Mohammed Yafai and Khalid Hourani jointly operated the above-listed entities as a single enterprise,

managing and exchanging employees between locations establishing centralized pay policies applicable to employees at all locations.

22.    During each of the three (3) years preceding the filing of this Complaint, each Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

23.    Defendants were at all times relevant hereto Plaintiff's employer, as well as the employer of the members of the proposed classes, and are and have been engaged in interstate commerce as that term is defined under the FLSA and AMWA.

24.    Plaintiff in the past worked at these other restaurants as a cashier, as employees worked between locations as part of the unified operation operated by Defendants Mahdi Saleh, Khalid Hourani and Thaer Assi.

25.    Defendant Shark Bites, Inc., annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

26.    During each of the three years preceding the filing of this Complaint, Defendant Shark Bites, Inc., employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person

27.     During each of the three years preceding the filing of this Complaint, Defendant Shark Bites, Inc., employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

28.     Defendant Jacksonville Sharks Fish and Chicken, Inc., annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

29.     Defendant Shark Bites, Inc., registered agent for service of process is Mahdi Saleh, 2401 Lakeview Road, Apartment 301, North Little Rock, Arkansas 72116.

30.     Within the past three (3) years preceding the filing of this Complaint, Defendant Shark Bites, Inc., continuously employed at least four employees, including Plaintiff.

31.     During each of the three years preceding the filing of this Complaint, Defendant Jacksonville Sharks Fish and Chicken, Inc., employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

32.     Defendant Jacksonville Sharks Fish and Chicken, Inc., principal address is 1801 T P White Drive, Jacksonville, Arkansas 72076.

33.     Defendant Jacksonville Sharks Fish and Chicken, Inc., registered agent for service of process is Thaer Assi, 6423 West Markham, Little Rock, Arkansas 72205.

34.    Within the past three (3) years preceding the filing of this Complaint, Defendant Jacksonville Sharks Fish and Chicken continuously employed at least four employees, including Plaintiff.

35.    Defendant NLR Sharks' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

36.    During each of the three years preceding the filing of this Complaint, Defendant NLR Sharks employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

37.    Defendant NLR Sharks' principal place of business 4528 Camp Robinson Road, Maumelle, North Little Rock, Arkansas 72118.

38.    Defendant NLR Sharks' registered agent for service of process is Mahdi Saleh, 4528 Camp Robinson Road, North Little Rock, Arkansas 72118.

39.    Defendant T & A Sharks' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

40.    During each of the three years preceding the filing of this Complaint, Defendant T & A Sharks employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had

employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

41.     Defendant T & A Sharks' registered agent for service of process is Thaer Assi, 6423 West Markham Street, Little Rock, Arkansas 72205.

42.     Defendant Sharks of Roosevelt's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

43.     During each of the three years preceding the filing of this Complaint, Defendant Sharks of Roosevelt employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

44.     Defendant Sharks of Roosevelt's principal place of business 500 West Roosevelt Road, Little Rock, Arkansas 72206.

45.     Defendant Sharks of Roosevelt's registered agent for service of process is Khalid Houlani, 8824 Geyer Springs Road Suite 15, Little Rock, Arkansas 72209.

46.     Defendant Sharks of Hot Springs' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

47.     During each of the three years preceding the filing of this Complaint, Defendant Sharks of Hot Springs employed at least two individuals who were engaged

in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

48. Defendant Sharks of Hot Springs' principal place of business 625 Albert Pike, Hot Springs, Arkansas 71913.

49. Defendant Sharks of Hot Springs' registered agent for service of process is Thaer Assi, 6423 West Markham Avenue, Little Rock, Arkansas 72205.

50. Defendants, including the above-listed entities and the individual Defendants d/b/a Sharks Fish and Chicken, acted jointly as the employer of Plaintiff and the proposed collective and class and are and have been engaged in interstate commerce as that term is defined under the FLSA and AMWA.

51. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies, and set schedules for their employees through unified management.

52. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as single enterprise.

## IV.   FACTUAL ALLEGATIONS

53. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

54.    At all relevant times herein, Defendants were the "employer" of Plaintiff within the meaning of all applicable federal statutes and implementing regulations, including the FLSA and AMWA.

55.    At all relevant times herein, Plaintiff was an "employee" of Defendants within the meaning of all applicable federal statutes and implementing regulations, including the FLSA and AMWA

56.    Further, Defendants classified Plaintiff and other cashiers as hourly employees nonexempt under the FLSA and the AMWA and were supposed to be paid an hourly rate.

57.    During part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendants as a cashier.

58.    Defendants directly hired Plaintiff and other cashiers, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

59.    Plaintiff and other cashiers managed cash and sales transactions for Defendants' customers.

60.    Plaintiff and other cashiers regularly worked in excess of forty (40) hours per week.

61.    It was Defendants' commonly applied practice to not pay Plaintiff and other cashiers a proper minimum wage for hours up to forty (40) in a given week or overtime rate for all of the hours worked over forty (40) in a given week.

62.    Defendants failed to pay Plaintiff all wages for hours worked, either at minimum wage or at a proper overtime rate, when applicable.

63.     Defendants refused to pay Plaintiff and other cashiers for all hours worked, even though Defendants were aware of all hours worked.

64.     As a result, Defendants did not pay Plaintiff or other cashiers a lawful minimum wage.

65.     Defendants also did not pay Plaintiff or other cashiers one and one-half (1.5) times their regular rate for all hours in excess of forty (40) in a week.

66.     Plaintiff and other cashiers were and are entitled to both a minimum wage for all hours worked up to forty (40) in a given week and overtime compensation in the amount of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a week.

67.     Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiff and other cashiers violated the FLSA and AMWA.

## V.        REPRESENTATIVE ACTION ALLEGATIONS

### A.        FLSA § 216(b) Collective

61.     Plaintiff repeats and re-alleges all previous paragraphs of this Original Complaint as if fully set forth in this section.

62.     Plaintiff brings her claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

63.     Plaintiff brings her FLSA claims on behalf of all hourly cashiers employed by Defendants at any time within the applicable statute of limitations period, who were classified by Defendants as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A.    Proper payment for all hours worked, including payment of a lawful minimum wage for hours worked up to forty (40) in a workweek and a lawful overtime premium for all hours worked for Defendants in excess of forty (40) hours in a workweek;

B.    Liquidated damages;

C.    and Attorneys' fees and costs.

64.    The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Class and Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

65.    The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.    They were classified by Defendants as non-exempt from the overtime requirements of the FLSA;

B.    They were paid hourly or were supposed to be paid hourly;

C.    They performed substantially similar job duties; and

D.    They were subject to Defendants' common practice of denying pay for all hours worked, including overtime pay for hours worked over forty (40) per work week.

66.    Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds fifty (50) persons.

67.    In the modern era, most working-class Americans have become increasingly reliant on email and text messages, and generally use them just as often, if not more so, than traditional U.S. Mail.

68.    Defendants can readily identify the members of the Section 16(b) Collective.    The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### B.    AMWA Rule 23 Class

69.    Plaintiff repeats and re-alleges all previous paragraphs of this Original Complaint as if fully set forth in this section.

70.    Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendants within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

71.    Plaintiff proposes to represent the class of hourly cashiers who are/were employed by Defendants within the relevant time period within the State of Arkansas.

72.    Common questions of law and fact relate to all members of the proposed class, such as whether Defendants paid the members of the proposed class for all hours worked, including minimum wage and overtime in accordance with the AMWA.

73.    Common questions of law and fact predominate over any questions affecting only the individual named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

74.     The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class.  To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

75.     Plaintiff is unable to state the exact number of the potential members of the AMWA class but believes that the class exceeds 50 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

76.     At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

77.     Concentrating the litigation in this forum is highly desirable because Defendants are based in the Eastern District of Arkansas and because Plaintiff and all proposed class members work or worked in Arkansas.

78.     No difficulties are likely to be encountered in the management of this class action.

79.     The claims of Plaintiff are typical of the claims of the proposed class in that Plaintiff worked as an hourly employee for Defendants and experienced the same violations of the AMWA that all other class members suffered.

80.     Plaintiff and her counsel will fairly and adequately protect the interests of the class.

81.     Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

82.     Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendants.

## VII.    FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of FLSA)

83.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

84.     29 U.S.C. § 206 and 29 U.S.C. § 207 require employers to pay employees a minimum wage for all hours worked up to forty (40) in one week and one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

85.     Defendants failed to pay Plaintiff a minimum wage for all hours worked up to forty (40) in one week, despite her entitlement thereto.

86.     Defendants failed to pay Plaintiff one and one-half (1.5) times her regular rate for all hours worked over forty (40) hours per week, despite her entitlement thereto.

87.     Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

88.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, unpaid minimum wages, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

89.    Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.    SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

90.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

91.    Plaintiff asserts this claim on behalf of all hourly cashiers employed by Defendants to recover monetary damages owed by Defendants to Plaintiff and members of the putative collective for unpaid minimum wages for all the hours worked up to forty (40) each week and unpaid overtime compensation for all the hours they worked in excess of forty (40) each week.

92.    Plaintiff brings this action on behalf of herself and all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

93.    29 U.S.C. § 206 and 29 U.S.C. § 207 require employers to pay employees a minimum wage for all hours worked up to forty (40) in one week and one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

94.     Defendants failed to pay Plaintiff and those similarly situated a lawful minimum wage for all hours worked up to forty (40) in one week, despite their entitlement thereto.

95.     Defendants failed to pay Plaintiff and those similarly situated one and one-half (1.5) times their regular rate for all hours worked over forty (40) hours per week, despite their entitlement thereto.

96.     Because these employees are similarly situated to Plaintiff, and are owed a minimum wage and overtime for the same reasons, the proposed collective is properly defined as follows:

**All hourly-paid cashiers employed
by Defendants within the past three years.**

97.     Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

98.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

99.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## IX.   THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA)

100.   Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

101.   Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq*.

102.   At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

103.   Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

104.   Defendants failed to pay Plaintiff a minimum wage for all hours worked up to forty (40) in a given week as required under the AMWA, despite her entitlement thereto.

105.   Defendants failed to pay Plaintiff all overtime wages for hours worked over forty (40) in a given week as required under the AMWA, despite her entitlement thereto.

106.   Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

107.   By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

108.   Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## X.   FOURTH CLAIM FOR RELIEF
### (Class Action Claim for Violation of the AMWA)

109.   Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

110.   Plaintiff, individually and on behalf of the proposed class, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq.*

111.   At all relevant times, Defendants have been an "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Arkansas Code Annotated § 11-4-203(4).

112.   Defendants failed to pay Plaintiff a minimum wage for all hours worked up to forty (40) in a given week as required under the AMWA, despite her entitlement thereto.

113.   Defendants failed to pay Plaintiff and members of the proposed class all overtime wages for hours worked over forty (40) in a given week as required under the AMWA, despite their entitlement thereto.

114.   Plaintiff proposes to represent the AMWA liability class of individuals defined as follows:

**All hourly-paid cashiers employed
by Defendants in Arkansas within the past three years.**

115.    Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

116.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

117.    Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and members of the proposed class as provided by the AMWA, Plaintiff and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## XI.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jesyca Pittman, individually and on behalf of all others similarly situated, respectfully prays for declaratory relief and damages as follows:

A.    That Defendants be summoned to appear and answer herein;

B.    A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and attendant regulations at 29 C.F.R. § 516, et seq.

C.    A declaratory judgment that Defendants' practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, et seq., and the related regulations;

D.      Judgment for damages for all unpaid regular wages and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, et seq., and attendant regulations at 29 C.F.R. §516 et seq.;

E.      Judgment for damages for all unpaid regular wages and overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, et seq., and the related regulations;

F.      Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, et seq., and attendant regulations at 29 C.F.R. §516 et seq., in an amount equal to all unpaid regular wages and overtime compensation owed to Plaintiff and those similarly situated during the applicable statutory period;

G.      Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the relating regulations;

H.      An order directing Defendants to pay Plaintiff and those similarly situated prejudgment interest, reasonable attorney's fees, and all costs connected with this action; and

I.      Such other and further relief as this Court may deem necessary, just, and proper.

Respectfully submitted,

**JESYCA PITTMAN, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040


Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com


Chris Burks
Ark. Bar No. 2010207
chris@sanfordlawfirm.com


Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com